FILED
COURT OF APPEALS
DIVISION II

2014 FEB 20 AM 9: 25

STATE OF WASHINGTON

BY

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43444-0-II |
| Respondent, | |
| v. | |
| MICHAEL DAVID COLLINS, II, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Clark County charged Michael David Collins II with felony failure to register as a sex offender between January 1, 2009 and March 4, 2009. However, Clark County negotiated a plea bargain based on the legal fiction that Collins committed the offenses in 2006, and Collins pleaded guilty. Later, Skamania County charged Collins with felony failure to register as a sex offender between February 4, 2009 and February 9, 2009. A jury found Collins guilty of Skamania County's felony failure to register charge. Collins appeals arguing that his conviction violates double jeopardy. We agree. Accordingly, we reverse and remand for Collins's Skamania County conviction to be dismissed with prejudice.

## FACTS

On December 5, 2008, Collins was released from Clark County jail and registered his address as required by RCW 9A.44.130. On December 29, 2008, the Clark County Sheriff's Office received information that Collins was no longer living at his registered address. In early February 2009, Collins was camping in the Dougan Falls area in Skamania County. *State v. Collins*, noted at 162 Wn. App. 1051 (2011). Collins did not register as transient with Skamania

County Sheriff's Office, nor did he inform Clark County Sheriff's Office of a change of residential address as required by the failure to register statute.

On March 13, 2009, the State charged Collins with failure to register as a sex offender between January 1, 2009, and March 4, 2009 in Clark County. In the Clark County case, the State negotiated a plea bargain based on a legal fiction that allowed Collins to plead guilty to failing to register as a sex offender in 2006, rather than the actual offense dates in 2009. Collins accepted the plea bargain and pleaded guilty to amended charges of failure to register as a sex offender in 2006, rather than the 2009 dates that the State charged in the original information.

On December 15, 2011, the State charged Collins with failure to register as a sex offender between February 4, 2009, and February 9, 2009 in Skamania County. On that same day, the trial court heard arguments on Collins's motion to dismiss the failure to register charge in Skamania County. Collins argued that the Skamania County charge violated double jeopardy. The State argued that double jeopardy was not violated because (1) Collins was convicted of failing to register in Clark County in 2006, not the dates charged in Skamania County, and (2) based on the unit of prosecution for failure to register as a sex offender, Collins's failure to register in Skamania was a separate offense from his failure to register in Clark County. The trial court denied Collins's motion to dismiss. A jury found Collins guilty of failing to register as a sex offender in Skamania County. Collins appeals.

ANALYSIS

Collins argues that the trial court erred by denying his motion to dismiss because his conviction violates double jeopardy. We agree.

The State concedes that although Collins's Clark County conviction was for failing to register in 2006, the 2006 date was merely a legal fiction and was a negotiated settlement with respect to the charges that he failed to register in Clark County in 2009. However, while the State concedes that the Skamania County charge encompassed the same time period within which Collins was charged and convicted in Clark County, it argues that the unit of prosecution for failure to register as a sex offender allows a defendant to be guilty of failing to register in two counties at the same time. We hold that the failure to register statute does not allow for a defendant to be guilty of failing to register in two different counties in the same time period.

This court reviews questions of statutory interpretation de novo. *State v. Bunker*, 169 Wn.2d 571, 577, 238 P.3d 487 (2010). The inquiry begins by examining the plain language of the statute to discern and give effect to the legislature's intent. *Bunker*, 169 Wn.2d at 577-78. In *State v. Peterson*, 168 Wn.2d 763, 230 P.3d 588 (2010), our Supreme Court clarified the interpretation of the failure to register statute, RCW 9A.44.130, as it relates to the unit of prosecution. In *Peterson*, the defendant argued that the failure to register statute was essentially an alternative-means crime because each specified residential designation, and the associated registration deadlines, created different means of committing failure to register each with specific elements that the State was required to prove. 168 Wn.2d at 769-70. Our Supreme Court rejected this argument and held that the failure to register statute was not an alternative means crime. *Peterson*, 168 Wn.2d at 769-71.

Although *Peterson* is not dispositive of the issue presented here, it provides guidance on resolving this issue. Here, the relevant portion of RCW 9A.44.130 provides:

> If any person required to register pursuant to this section moves to a new county, the person must register with that county sheriff within three business days of moving. Within three business days, the person must also provide, by certified mail, with return receipt requested or in person, signed written notice of the change of address in the new county to the county sheriff with whom the person last registered.

RCW 9A.44.130(4)(b). Under the State's theory, Collins committed failure to register in Clark County in 2009, by failing to provide the Clark County Sheriff's Office with proper notice of his move to Skamania County. Then Collins committed failure to register in Skamania County during the same time period by failing to give notice to the Skamania County Sheriff's Office that he had moved into Skamania County. This theory does not comport with our Supreme Court's reasoning in *Peterson*. The State's theory essentially interprets RCW 9A.44.130 as an alternative means crime, an interpretation that our Supreme Court explicitly rejected. *Peterson*, 168 Wn.2d at 771 ("We hold that the failure to register is not an alternative means crime.").

Further, in *Peterson*, our Supreme Court stated that residential status was not an element of failure to register. "[I]t is possible to prove that a registrant failed to register within any applicable deadline without having to specify the registrant's particular residential status." *Peterson*, 168 Wn.2d at 772. Thus, the State must only prove that the defendant failed to register within any required deadline, which is what happened in *Peterson*. 168 Wn. App. at 772. Similarly, the question here is not which specific notification requirement Collins was required to comply with, but rather whether Collins failed to register by failing to comply with any notification requirement at all.

4

No. 43444-0-II

Here, Collins had moved from his registered address and did not give the statutorily-required notice to any county sheriff's office regarding his location. The failure to provide any notice in compliance with the statute was the conduct resulting in the crime of failure to register, and he was already convicted in Clark County of failing to provide notice of his move for the same time period charged in Skamania County. Accordingly, the trial court erred by deciding that the Skamania County charge was a distinct unit of prosecution that did not violate double jeopardy. We reverse the trial court's decision denying Collins's motion to dismiss and remand this case to dismiss Collins's Skamania County conviction with prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Penoyar, P.J.

Maxa, J.

5